IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:14-cv-1019 |
| v. | ) ) | |
| ORION ENERGY SYSTEMS, INC. | ) ) | **C O M P L A I N T** |
| Defendant. | ) ) ) | (Jury Trial Demand) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 to correct unlawful employment practices and to provide appropriate relief to Wendy Schobert ("Schobert") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Orion Energy Systems, Inc. ("Orion") instituted a purported wellness program through which it required Schobert, then a current employee, to submit to medical examinations and inquiries that were not job-related or consistent with business necessity in violation of Section 102(d)(4)(A). The EEOC further alleges Orion terminated Schobert because of her objections to the wellness program, in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a), and it interfered, coerced and intimidated Schobert on account of her enjoyment and exercise of the ADA protected right to not be subject to unlawful disability-related inquiries and medical exams, in violation of 503(b) of the ADA, 42 U.S.C. § 12203(b).

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3)of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, Green Bay Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Orion has continuously been a Wisconsin corporation doing business in the State of Wisconsin and the City of Manitowoc and has continuously had at least 15 employees.

5. At all relevant times, Defendant Orion has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Orion has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Wendy Schobert filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Orion. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Prior to institution of this lawsuit, the EEOC's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADA through informal methods of conciliation, conference and persuasion within the meaning of § 107 of the ADA, 42 U.S.C. §12117, which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3):

   a. On April 11, 2012, the EEOC invited Defendant to engage in informal conciliation efforts to eliminate the practices the EEOC found unlawful.

   b. On August 28, 2012, the EEOC determined that it was unable to obtain an agreement acceptable to the EEOC by informal methods of conciliation, conference, and persuasion, and so advised Defendant.

9. From at least March through May 2009, Defendant Orion engaged in unlawful employment practices at its facility in Manitowoc, WI , in violation of Sections 503, 42 U.S.C. § 12203 of the ADA.

10. In March 2009, Orion began to implement a wellness program. As part of the wellness program, employees were required to complete a health risk assessment. The wellness program included a fitness component under which employees were required to use a Range of Motion Machine (or ROM) in Orion's physical fitness room.

3

11. Orion's wellness program included disability-related inquiries and medical examinations within the meaning of the Americans With Disabilities Act. The health risk assessment required that employees self-disclose their medical history and have blood work performed on them. In order to use the ROM located in the Orion fitness room, the employees also had to fill out a medical history form.

12. The medical exam and disability-related inquiries which were part of Orion's wellness program were not job-related and consistent with business necessity.

13. Schobert objected to participation in the wellness program. Specifically, she questioned whether the health risk assessment was voluntary and whether medical information obtained in connection with it was going to be maintained as confidential.

14. After Schobert raised her objections, she was called into a meeting with Orion's personnel director and her supervisor. During that meeting, Schobert was told that she was not to express any opinions about the wellness program to her coworkers. She was further told that the purpose of the meeting was to quash any potential "attitude" issue of hers relating to the wellness program.

15. On or about April 2, 2009, Schobert declined to participate in the wellness program. She signed a form opting out of the health risk assessment on April 24.

16. If Schobert had agreed to participate in the so-called "voluntary" wellness program, Orion would have covered the entire amount of Schobert's health care costs. Because Schobert declined participation, she was required to pay the entire premium cost for single coverage for her health benefit.

17. Because she declined to participate in the so-called "voluntary" wellness program, Schobert had to pay $413.43 per month so that Orion would continue to cover her

health benefits for single coverage to the same extent as other employees.  Under its program, Orion also assessed a penalty of $50 a month upon Schobert because she declined to participate in the fitness component of the wellness program.

18. Employees who carried limited family coverage who declined to participate in the health risk assessment would have had to pay $744.16 each month.  Employees who carried family coverage who declined to participate in the health risk assessment would have had to contribute $1,130.82 each month.

19. Schobert was the only employee who declined to participate in the health risk assessment.

20. On May 22, 2009, Orion terminated Schobert.

21. Orion terminated Schobert because she objected to and declined to participate in the wellness program.

22. Orion's other expressed reasons for terminating Schobert are pretextual.

## Count 1: Unlawful Medical Examinations and Inquiries

23. Paragraphs 1-22 are realleged and incorporated by reference herein.

24. Orion required that Schobert participate in medical examinations and inquiries that were not job-related or consistent with business necessity in violation of Section 102(d)(4)(A), 42 U.S.C. § 12112(d)(4)(A) of the ADA.

25. The medical examinations and disability-related inquiries which were part of the wellness program were not voluntary and therefore were not permitted by Section 102(d)(4)(B), 42 U.S.C. § 12112(d)(4)(B) because Schobert was subjected to a financial penalty and subsequently fired for not participating in the program.

26. The effect of the practices complained above, has been to deprive Schobert of equal employment opportunities and otherwise adversely affect her status as an employee because she declined to undergo unlawful medical examinations and inquiries.

27. Orion's acts were intentional.

28. Orion's acts as described above were done with malice or reckless disregard of Schobert's federally protected rights.

## Count 2: Retaliation

29. Paragraphs 1-22 are realleged and incorporated by reference herein.

30. Orion retaliated against Schobert because of her good faith objections and decision not to participate in Orion's wellness program by terminating her in violation of Section 503(a), 42 U.S.C. § 12203(a).

31. The effect of the practices complained above, has been to deprive Schobert of equal employment opportunities and otherwise adversely affect her status as an employee because she opposed matters made unlawful by the statute and objected to be subjected to unlawful medical examinations and inquiries.

32. Orion's acts were intentional.

## Count 3: Interference, Coercion and Intimidation

33. Paragraphs 1-22 are realleged and incorporated by reference herein.

34. Orion interfered, coerced, and intimidated Schobert for exercising her right under the ADA to not be subject to unlawful disability-related inquiries and medical exams, in violation of Section 503(b), 42 U.S.C. § 12203(b).

35. The effect of the practices complained above, has been to deprive Schobert of equal employment opportunities and otherwise adversely affect her status as an employee because she exercised and enjoyed rights protected by the ADA.

36. Orion's acts were intentional.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Orion, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from the following:

1. Requiring employees to undergo unlawful medical examinations or answer unlawful disability-related inquiries.

2. Retaliating against employees because of their objections to its wellness program or any other protected activity under the Americans With Disabilities Act; and

3. Interfering, coercing or intimidating employees in the enjoyment or exercise of their right to not be subject to unlawful medical examinations or disability-related inquiries.

B. Order Defendant Orion to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Orion to make whole Wendy Schobert by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay in lieu of reinstatement.

D. Order Defendant Orion to make whole Wendy Schobert by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant Orion to make whole Schobert by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-28 above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish, in amounts to be determined at trial.

F. Order Defendant to pay Schobert punitive damages for its malicious and reckless conduct, as described in paragraphs 7-28 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M STREET, N.E.
5TH FLOOR
WASHINGTON, D.C. 20507



John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Telephone: (312) 869-8116
Facsimile: (312) 869-8124
jean.kamp@eeoc.gov



*s:/Laurie A. Vasichek*
Laurie A. Vasichek (171438)
Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 335-4047
Facsimile: (612) 335-4044
laurie.vasichek@eeoc.gov

9