EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    Plaintiff(s),

v.                                      Case No. 1:14-cv-1019-WCG

ORION ENERGY SYSTEMS, INC.

    Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

**I.    INTRODUCTION**

Defendant, Orion Energy Systems, Inc. ("Orion Energy") seeks leave to file its Amended Answer with an additional affirmative defense regarding the statute of limitations under the Americans with Disabilities Act.[1] As discussed in further detail below, Orion Energy is seeking this leave after learning information from Ms. Schobert in her deposition taken on August 12, 2015, and the transcript received on August 25, 2015. This statute of limitations defense is a legitimate one based on new information obtained from the testimony of Ms. Schobert in a deposition. Accordingly, Orion Energy respectfully requests pursuant to Rule 15 and Rule 16 that the Court grant its Motion for Leave to file its Amended Answer and Affirmative Defenses.

**II.    PROCEDURAL BACKGROUND**

The Equal Employment Opportunity Commission ("EEOC") filed their Complaint on August 20, 2014. On October 16, 2014, Orion Energy filed its Answer and Affirmative

---

[1] Orion Energy is also dropping its failure to conciliate affirmative defense. Orion Energy believes that the EEOC has no objection to that part of the Motion, and therefore, Orion Energy will not address it further.

Defenses. The Court held a Rule 16 Scheduling Conference on November 25, 2014, and set January 1, 2015 as the deadline to amend the pleadings. (See Docket Entry, Document No. 10.)

Because Ms. Schobert's termination date from Orion Energy was May 18, 2009, and her Administrative Complaint was filed 296 days later on March 10, 2010, with both the Wisconsin Equal Rights Division and the Equal Employment Opportunity Commission, Orion Energy did not assert an affirmative defense regarding the statute of limitations in its Answer and Affirmative Defenses.[2]

However, during the deposition of Ms. Schobert, Orion Energy learned that Ms. Schobert surreptitiously overheard, one week prior to her last day on the job, her manager (Ms. Caryn Boegel) and the Human Resources Director (Ms. Kari Tylke) discuss that Ms. Schobert's employment would be terminated one week later – on May 18, 2009. Ms. Schobert was behind filing cabinets at the time, and Ms. Boegel and Ms. Tylke did not know of her presence.

In other words, on May 11, 2009, Ms. Schobert learned that her employment was going to be terminated on May 18, 2009. (See Radloff Affidavit, Schobert Dep. pp. 188-196). As further confirmation of the timing, Ms. Schobert informed Mr. Mike Potts (Orion Energy's Executive Vice-President at the time) at her termination meeting on May 18, 2009, the following:

> And after we went through those items, those items that he had mentioned, he said to me is there anything that you want to add? Is there anything that you have to say?
>
> **And I remember telling him I wanted to let him know that I knew about the termination ahead of time, that I had a good week heads-up on my termination because I overheard the conversation.** And that it wasn't very professional that I knew about my termination ahead of time. It was a blessing, it really was

---

[2] The applicable statute of limitations for claims under the Americans With Disabilities Act in Wisconsin is 300 days because Wisconsin is a dual filing state which extends the 180 days for statute of limitations purposes to 300 days. See 42 U.S.C. § 12117, adopting 42 U.S.C. § 2000e-5(e).

2

> a blessing, but, I mean, if I was a bad employee, I could have done
> anything. I didn't, but I could have shredded documents. I could
> have done anything, but I didn't do that.

(Schobert Dep. p. 195 line 17 – p. 196 line 6) (emphasis added).

The fact that Ms. Schobert received (from her manager and the Human Resources Director) notice of termination one week in advance of her termination was not known to Orion Energy before the deposition of Ms. Schobert. Based on that new information, Orion Energy now has a statute of limitations defense to some or all of the allegations in the Complaint because Ms. Schobert's claims relating to her termination (and perhaps others) accrued on May 11, 2009, which means her Administrative Complaint was filed 303 days after her claims accrued. See Hamilton v. Komatsu Dresser Industries, Inc., 964 F.2d 600, 603 (7th Cir. 1992) (holding that a claim is barred if the plaintiff does not file an administrative complaint within the requisite deadline).

### III. LEGAL DISCUSSION

When a party seeks leave to amend the pleadings, the moving party must comply with both Rule 15 and Rule 16 if the deadline in the scheduling order has expired. See Alioto v. Town of Lisbon, 651 F.3d 715, 719 (7th Cir. 2011). The Seventh Circuit has held that it is proper for a court to first consider whether the moving party meets the "good cause" standard under Rule 16(b)(4) before examining whether the moving party meets the requirements of Rule 15. See Alioto, 651 F.3d at 719. Orion Energy satisfies both Rule 16 and Rule 15, and its Motion to Amend should be granted.

**IV.    RULE 16's "GOOD CAUSE" STANDARD HAS BEEN SATISFIED**

Rule 16 plays a role in this matter because the Scheduling Order set January 1, 2015, as the deadline to amend the pleadings.  As such, pursuant to Federal Rule of Civil Procedure 16(b)(4), Orion Energy has to satisfy the good cause standard to amend the pleadings with the Court's consent.

In determining whether good cause exists, the Court "primarily considers the diligence of the party seeking amendment."  Trustmark Ins. Co. v. General & Cologne Life, 424 F.3d 542, 553 (7th Cir. 2005).  The requisite diligence is not established if delay is shown and the movant provides no reason, let alone a good reason, for the delay.  See Alioto, 651 F.3d at 719.  Orion Energy has been diligent with respect to this Motion.

Courts have consistently held that discovery of new information in depositions or through other discovery methods satisfies the good cause standard of Rule 16 (b)(4).  See Allstate Insurance Co. v. Regions Bank, 2014 WL 4162264 (S.D. Ala. 2014) ("It cannot reasonably be disputed that newly discovered evidence can supply the necessary good cause under Rule 16 (b)(4) to enlarge an expired deadline for amending the pleadings."); Joinnides v. Floral Park-Bellerose Union School District, 2015 WL 1476422 (E.D. N.Y. 2015) (concluding that good cause under Rule 16 satisfied despite the six month delay between the newly discovered evidence in the deposition and the Motion to Amend date).

In the present matter, Orion Energy exercised diligence in seeking this amendment.  In simple terms, Orion Energy did not know that the statute of limitations defense existed until the deposition of Ms. Schobert and review of the deposition transcript received just over one week ago.  See Navarro v. Redel, 2008 WL 750572 (E.D. Wis. 2008) (concluding that Rule 16's good cause satisfied when the party moved to amend approximately three weeks after discovering new

4

evidence in a deposition and discovery remained open for several months and the dispositive motion deadline would not be impinged); Gold v. YouMail, Inc., 2013 WL 652549 (S.D. Ind. 2013) (holding good cause exists based on newly discovered evidence and only a month delay).

Moreover, the amendment goes to a substantive issue in the matter. The importance of a statute of limitations defense in this matter is straightforward. If Ms. Schobert's claim of discriminatory termination from Orion Energy was not within the applicable statute of limitations, that defense could, in whole or in part, resolve the current dispute between the parties. See Flannery, 354 F.3d at 637.

In addition, there is no undue prejudice to the EEOC because they should have known this information or could have known this information prior to bringing the current lawsuit on behalf of Ms. Schobert. In addition, there is no need to cure any prejudice, if any exists, because discovery is open for an additional two months, the EEOC has not taken any depositions yet (although some are scheduled for next week), and the deadline for dispositive motions is approximately three months into the future. (See Docket Entry, Document No. 10.)

As a result, good cause exists under Rule 16 for the Court to grant Orion Energy leave to amend its Answer and Affirmative Defenses.

## V.  RULE 15's "JUSTICE SO REQUIRES" STANDARD HAS BEEN SATISFIED

In addition to complying with Rule 16, Rule 15 of the Federal Rules of Civil Procedure expressly provides that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Supreme Court has stated that leave to amend should be "freely given" unless there is an apparent or declared reason such as undue delay, bad faith, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party, or futility of the amendment. See Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th

5

Cir. 2004); Foman v. Davis, 371 U.S. 178, 182 (1962).  No such reasons for denial of leave exist in the present matter.

### A. Absence of Undue Delay and Bad Faith by Orion Energy

Orion Energy has not engaged in undue delay and does not have a bad faith motive in seeking leave to amend its Answer and assert the statute of limitations affirmative defense.  Rather, as set forth above, Orion Energy did not believe this defense existed until a week or two ago when it was uncovered during the natural course of discovery in the deposition of Ms. Schobert.  In addition, this is Orion Energy's first request to amend its Answer and Affirmative Defenses.

### B. EEOC Will Not Suffer Undue Prejudice

The EEOC will not suffer undue prejudice if Orion Energy is allowed to assert this affirmative defense.  Undue prejudice is typically found where significant time has passed, discovery has been substantially conducted, and the deadline for filing dispositive motions has passed.  See, e.g., Inge v. Rock Financial Corp., 388 F.3d 930, 938 (6th Cir. 2004).

In the present matter, the parties have engaged in written discovery, but the discovery period is still open for two more months.  In addition, the EEOC has not yet taken any depositions (although some are scheduled for next week), and the deadline for filing any dispositive motion is three months into the future.  Further, this affirmative defense was presumably known or could have been known to the EEOC through discussions with the Charging Party, Ms. Schobert.

In Navarro, the Court was faced with similar facts.  The moving party filed a motion to amend the pleadings after the Scheduling Order deadline, but only three weeks after learning of new evidence in a deposition.  The Navarro Court noted that the discovery deadline was several

6

Case 1:14-cv-01019-WCG   Filed 09/04/15   Page 6 of 8   Document 18

months in the future, and the dispositive motion further yet. The Navarro Court granted leave to amend the pleadings. See Navarro v. Redel, 2008 WL 750572 (E.D. Wis. 2008).

Similar to Navarro, the present Motion to Amend was filed several weeks after the deposition in which the new evidence was uncovered. The discovery deadline is two months in the future and the dispositive motion deadline is three months in the future. There will be no undue prejudice to the EEOC if the Motion is granted.

### C. The Amendment Is Not Futile

On a final note, Orion Energy's affirmative defense is not futile. "The test for futility … does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000); Foster v. DeLuca, 545 F.3d 582, 583-84 (7th Cir. 2008) (same). When analyzing the futility of the affirmative defense, the Court must take the Defendant's allegations as true, and if a Defendant has pleaded allegations that indicate the defense may apply, then the Court should not deem that the amendment would be futile. See id.

The testimony of Ms. Schobert on the timing of the notice to her about her pending termination and the application of the statute of limitations makes the amendment not futile. In fact, the amendment makes the defense potentially dispositive of some or all of the allegations.

7

## VI. CONCLUSION

WHEREFORE, based on the foregoing arguments, Orion Energy respectfully requests that the Court grant its Motion to Amend its Answer and Affirmative Defenses.

Dated this 4th day of September, 2015.

    s/ Brian M. Radloff
Kevin J. Kinney
*WI State Bar No, 1003942*
Brian M. Radloff
*WI State Bar No.1035980*
Ogletree, Deakins, Nash, Smoak
  & Stewart, P.C.
250 E. Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202
Telephone: 414-347-5679
Facsimile: 414-347-5676
Kevin.Kinney@ogletreedeakins.com
Brian.Radloff@ogletreedeakins.com

ATTORNEYS FOR DEFENDANT
ORION ENERGY SYSTEMS, INC.

22232759.1