UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.                                            Case No. 14-CV-1019

ORION ENERGY SYSTEMS INC.,

        Defendant.

**ORDER DENYING MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

This case comes before the court on Defendant Orion Energy Systems Inc.'s motion to amend its answer and affirmative defenses to include a statute of limitations defense. For the reasons below, the motion will be denied.

Orion Energy terminated Wendy Schobert's employment on May 18, 2009. Schobert claims the true reason she was fired was because she refused to participate in a wellness program administered by Orion. Schobert filed an administrative complaint with the Equal Employment Opportunity Commission on March 10, 2010, 296 days after she was terminated. The EEOC thereafter commenced this action on behalf of Schobert alleging Orion administered involuntary medical examinations and disability-related inquiries as part of the wellness program in violation of Section 102 of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(d)(4)(B), and further that Orion retaliated against Schobert by firing her for objecting to the program and intimidated her for exercising her right not to participate in it in violation of Section 503 of the ADA, 42 U.S.C. § 12203(a) & (b). Orion has asserted numerous affirmative defenses in response to the complaint

but, based on Schobert's termination date and the fact that the applicable statute of limitations for filing her administrative complaint is 300 days, Orion did not assert a statute of limitations defense.

On September 4, 2015, Orion filed a motion to amend its answer and affirmative defenses to add a statute of limitations defense. The motion was based on deposition testimony of Wendy Schobert in which she stated she knew she was going to be fired one week before the May 18, 2009 meeting. According to Schobert's recollection of the May 18 meeting, she testified in the deposition that after she was told she was terminated by Mike Potts, then Orion's executive vice-president: "I remember telling him [Potts] I wanted to let him know that I knew about the termination ahead of time, *that I had a good week heads-up on my termination because I overheard the conversation*. And that it wasn't very professional that I knew about my termination ahead of time." 8/12/2015 Dep. Tr. at 195:21–196:2, ECF No. 19-1 (emphasis added). Other parts of Schobert's deposition indicate that the conversation she overhead was between her manager and the director of human resources at Orion, and that Schobert was able to infer at the time that these individuals were talking about terminating her specifically because they were talking about having to wait until after Friday May 15 when the sales and use tax filings were completed, and Schobert was the employee responsible for such filings. *See* Def.'s Reply 7–8, ECF No. 23.

A party seeking to amend pleadings after the deadline to do so has expired must comply with Rules 15 and 16 of the Federal Rules of Civil Procedure. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). The party must show "good cause" as required under Rule 16(b)(4), and the court will then grant leave to amend under Rule 15(a)(2) "when justice so requires." *See id.* at 719–20. As for good cause, the court "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th

2

Cir. 2005). But even if good cause is shown, that the amendment would be futile is a reason for denying leave under Rule 15(a)(2). *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004).

Here, Orion argues it exercised diligence in seeking this amendment because it only learned the basis for its statute of limitations defense after Schobert's recent deposition, and because it moved for leave to amend shortly thereafter. In response, the EEOC argues Orion had notice of this issue as early as February 2011 when the EEOC was investigating Schobert's initial complaint. *See* Pl.'s Resp. Br. 3, ECF No. 21. In fact, although the EEOC does not argue the point, Orion has known about the issue since May 22, 2009. Schobert testified that she told the VP who fired her that she knew she would be terminated since one week earlier; Orion's proposed statute of limitations defense is premised on the truth of her testimony, but the same testimony establishes that Orion has known the basis for its statute of limitations defense all along. I therefore find Orion has not been diligent by waiting until this late date to assert a statute of limitations defense.

The EEOC also argues Orion's amendment would be futile. The standard for denying a motion to amend based on futility is the same as granting a motion to dismiss the would-be amended pleading for failure to state a claim. *See United States v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). In this case, dismissal of the amended pleading—an affirmative defense—would technically come in the form of granting a Rule 12(f) motion "to strike from a pleading an insufficient defense." Courts routinely apply the traditional motion-to-dismiss analysis to motions to strike "insufficient" defenses, however, *see Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 802–03 (N.D. Ill. 2000), so the distinction is without a difference. The question can be boiled down

3

to whether the proposed affirmative defense has merit, assuming the facts are as the pleader says they are.

The parties agree that the applicable statute of limitations here required that Schobert file her EEOC charge within 300 days "after the alleged unlawful employment practices occurred." *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(e)(1)). Under this statute, the date of the discriminatory act controls, not necessarily the date of termination. This distinction matters, for example, when the complained of act is the denial of tenure, and the individual denied tenure continues to work until an effective termination date. *See, e.g.*, *Lever v. Northwestern University*, 979 F.2d 552, 553 (7th Cir. 1992) ("Time starts to run with 'the discriminatory act, not the point at which the consequences of the act become painful.'" (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)). But because an employer may unilaterally decide to terminate, in order to prevent the employee's claim from accruing without her knowledge, courts including the Seventh Circuit use an "unequivocal notice of termination" test. *See Dvorak v. Mostardi Platt Associates, Inc.*, 289 F.3d 479, 486 (7th Cir. 2002) (discussing *Bonham v. Dresser Indus., Inc.*, 569 F.2d 187, 191 (3d Cir. 1977)).

As explained by the Seventh Circuit, this test "states that termination occurs when the employer shows, by acts or words, clear intention to dispense with the employee's services. There are two prongs to the test, both of which must be satisfied to fix the date of termination. First, there must be a final, ultimate, nontentative decision to terminate the employee. . . . Second, the employer must give the employee unequivocal notice of its final termination decision." *Spurling v. C&M Fine Pack, Inc.*, 739 F.3d 1055, 1061 (7th Cir. 2014) (internal citations omitted) (citing *Dvorak* and *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004)). The "unequivocal"

4

element of the test is based on the notion that "[a] mere threat to take some job action against an employee is not enough to trigger the statute of limitations . . . . If the rule were otherwise, 'litigants would be forced to file a charge at every hint of termination in order to preserve their claims' and '[t]he concomitant burden upon the EEOC would impact significantly the enforcement function of the agency.'" *Dauska v. Green Bay Packaging Inc.*, No. 12-CV-925, 2014 WL 3843547, at *5 (E.D. Wis. Aug. 5, 2014) (quoting *Flannery*, 354 F.3d at 641). In addition to being unequivocal, this element of the test requires that the employer actually *give* notice to the employee.

Here, construing the facts in Orion's favor means inferring that Orion's decision to terminate Schobert had become final by the time she overheard the conversation. However, one could not infer based on the facts Orion puts forth that it provided Schobert unequivocal notice of termination at that time. Indeed, as Orion concedes, its statute of limitations defense is based on the fact that Schobert surreptitiously overheard a conversation about her termination.

Orion's only argument that these circumstances start the 300-day clock is that, citing *Dvorak*, "an employee-centric standard controls." As the court understands it, Orion's position is that Schobert had unequivocal notice of termination because she had actual notice of termination and because the conversation she heard was clear enough that she accurately concluded that she would be fired. The court is not aware of any authority for such a standard, however. To the extent *Dvorak* describes an "employee-centric" standard, the point is that the employer's unilateral decision to terminate does not start the clock. It does not follow that the employee's hearing of that decision, without the employer intentionally providing notice of any kind, does start the clock. Instead, the rule is that "the employer must *give* the employee 'unequivocal' notice of its final termination decision." *Flannery*, 354 F.3d at 637 (emphasis added). Therefore, in this case, where the facts

5

show an employee simply overheard a conversation that an unnamed employee would be fired, Orion cannot meet this standard.

Accordingly, because Orion did not diligently pursue its statute of limitations defense and, alternatively, because amendment would be futile, Orion's motion for leave is **DENIED**.

**SO ORDERED** this   12th   day of November, 2015.

                                             s/ William C. Griesbach
                                             William C. Griesbach, Chief Judge
                                             United States District Court