IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,        Civil Action No. 14-C-1019

    v.

ORION ENERGY SYSTEMS,

        Defendant.

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") instituted the above captioned civil action in the United States District Court for the Eastern District of Wisconsin, alleging that Orion Energy Systems, Inc. ("Orion" or "Defendant"), violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"). The EEOC alleged that Defendant sought confidential medical information from Wendy Schobert through an involuntary wellness program. It further contended that Defendant threatened and coerced Schobert in the lawful exercise of her right to raise questions and objections to the wellness program under the ADA, and that it terminated her in retaliation for her objections. Defendant denied and continues to deny the EEOC's allegations.

1

On cross-motions for summary judgment, the District Court held for the Defendant on the issue of voluntariness of the wellness program and dismissed this claim. The EEOC disagrees with this holding and had a right to appeal it on entry of final judgment in this case. The District Court further held that there were genuine issues of disputed fact on the EEOC's retaliation and interference claims, and set these for trial. The Defendant disagrees with this holding and had the right to appeal upon entry of any final judgment against it.

In reaching this Consent Decree, the EEOC and Orion, acting by and through their counsel, engaged in arms' length negotiations and a significant exchange of information. The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, the EEOC and Orion were represented by counsel knowledgeable in this area of the law.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

I. JURISDICTION

This Court has jurisdiction over the parties and the subject matter of this action.

II. FINDINGS

The purposes of the ADA, the ADAAA, and the public interest will be furthered by the entry of this Consent Decree.

III. SCOPE

The negotiation, execution, and entry of this Consent Decree will resolve any and all claims of ADA violations brought by the Commission against Defendant alleged in the instant civil action. This Consent Decree relates only to the violations alleged in EEOC Charge Number 26G-2010-00934C and the instant civil action. The EEOC reserves all rights to proceed with respect to matters not covered in this Consent Decree, and to secure relief on behalf of aggrieved persons not covered by the terms of this Consent Decree.

IV. TERM

   a. The Term of this Consent Decree and all obligations hereunder will be three (3) years from the Effective Date hereof. The Effective Date hereof will be the date that the District Court approves this Consent Decree.

   b. In the event that Defendant fails to perform its obligations during the Term of this Consent Decree, the EEOC is empowered to enforce this Consent Decree through applicable judicial

enforcement procedures and to seek sanctions which may be due as a result of the need to enforce this Consent Decree.

c. Should any provision of this Consent Decree be determined by a Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Consent Decree.

d. This Consent Decree sets forth the entire agreement between the Commission and Defendant as to the resolution of the captioned lawsuit.

V. INJUNCTION

a. During the term of this Consent Decree, Orion and its successors and assigns are hereby enjoined from:

1. Maintaining any wellness program that poses disability-related inquiries or seeks a medical examination that is not voluntary within the meaning of the ADA and its regulations.

2. Maintaining any wellness program that imposes an incentive upon the employee of more than 30 percent of the premium cost for self-only insurance (or the premium-replacement cost if Defendant is self-insured) for participation or

as otherwise set forth in the EEOC wellness program regulations issued in May 2016.

This provision shall not apply to any wellness program that does not include disability-related inquiries or medical examinations. It further shall not apply if the EEOC's wellness program regulations issued in May 2016 are invalidated, superseded, or otherwise no longer in effect due to statutory, administrative or controlling judicial action.

3. Engaging in any form of retaliation, including interference or threats, against any employee because such person has raised objections or concerns as to whether the wellness program complies with the ADA or any of its obligations or provisions, or whom participated in the investigation or litigation of this matter.

## VI. POLICIES AND POSTINGS

a. Defendant represents that it does not have a wellness program in place that imposes a penalty or incentive for responding to medical inquiries or participating in a medical examination.

b. If Defendant puts a wellness program in place at any time during the remaining term of the Consent Decree, Defendant shall issue such a memorandum to all employees that any concerns relating

5

to the wellness program should be directed to the Human Resources Department for consideration and coordination to reasonably assure compliance with this Consent Decree at the time that the wellness program is announced to the employees.

c. Defendant shall post within 90 days from the entry of this Consent Decree, and keep posted, in conspicuous places in the Human Resources area, the Tech Center and in the Production Facility the posting attached as Exhibit A.

VII. TRAINING AND OVERSIGHT

a. Within 90 days of this Consent Decree, Defendant agrees to conduct a training meeting on the provisions of this Consent Decree with its Chief Executive Officer, its Chief Operating Officer, its Chief Financial Officer, its Human Resource Director, and all employees responsible for negotiating or obtaining health benefit coverage or selecting a wellness program. The training shall include an explanation of the provisions of this Consent Decree, and the requirements of the ADA and its regulations as they pertain to wellness programs.

b. Within 90 days of this Consent Decree, and thereafter once annually, Defendant shall have training for its employees on the prohibitions against retaliation and interference under the ADA.

i. The training shall be at least 60 minutes long for supervisory and managerial employees; and the training shall be at least 30 minutes long for non-supervisory and non-managerial employees.

ii. The training may include examination of the prohibitions against retaliation and interference under other federal and state civil rights laws. The training may be conducted in conjunction with other workplace training regarding the civil rights statutes.

iii. The training shall be conducted by live seminar in the first year. Training by webinar is allowed for the second and third years.

iv. The CEO or COO of Orion will introduce the training. During the introduction, Orion's commitment to equal employment opportunity will be emphasized.

v. The program for this training shall be prepared by outside employment counsel (not an employee of Orion) with at least five years of legal experience in employment discrimination law. The training shall be configured so as to permit attendees to ask questions and have them answered during the training session. The training shall

inform the attendees that a supervisor's or human resources employee's unlawful retaliation against or unlawful interference of an employee who opposes matters made unlawful by the ADA, may result in discipline, up to and including termination, as well as ineligibility for re-employment.

vi. The training shall be accompanied by written materials concerning the topics covered in the training for the attendees.

vii. An agenda for the first training will be provided to the EEOC at least 15 days before the training. The EEOC will have the opportunity to comment and negotiate changes to the agenda until 5 days before the training.

c. Defendant shall provide to the Commission, to the attention of the undersigned counsel for the EEOC, a certification that the required trainings have been completed, accompanied by a copy of the training materials referred to above, with Defendant's annual reporting, discussed in paragraph VIII. The certification shall set forth the total number of persons trained in compliance with the Consent Decree, the date and times of the training, the location of the training, the name of the person(s) who conducted

8

the trainings, and a copy of a sign in sheet with the signatures of each attendee. Defendant agrees that it shall maintain records reflecting the names of the persons who attended the training and the dates of their attendance and shall provide these lists to the Commission's designated representatives along with the periodic reports outlined below.

    d. Any employee who fails to attend any training program mandated by this Consent Decree, shall be required to attend a make-up program, or view a videotape of the entire original training program, within 120 days of the missed program. Such make-up attendance shall be reported as required under paragraph VIII.

VIII. REPORTING REQUIREMENTS.

    a. If the Defendant intends to adopt a wellness plan during the term of this Consent Decree that has provisions for disability-related inquiries or medical examinations, the Defendant shall notify the EEOC at least 21 days before the date by which participants will be asked to agree to participate in the program. If the EEOC requests, the Defendant will provide the EEOC with the plan documents, including the terms of the wellness plan, any disability-related inquiries or medical exams that will be posed to

participants, any incentives that the participants will be offered as part of the plan, and all notifications to the participants about the terms of the plan.

b. Defendant shall provide the Commission with three written reports, the first on the date falling six months after the entry of this Consent Decree by the Court, with each successive report due annually thereafter, setting forth the following, in regard to (1) all complaints of retaliation and interference under the ADA, and (2) any complaints relating to a wellness program that contains medical inquiries or examinations:

   i. The name of the complainant and, if different, the name of the alleged victim;

   ii. The nature of the conduct complained of;

   iii. An explanation of the investigation and the outcome of the complaints; and

   iv. In the event that, with respect to any of the incidents reported by Defendant under this paragraph, Defendant has not fully complied with one or more provisions of this Consent Decree, the signatory of the report shall indicate what shortcomings have occurred and shall outline a plan to assure compliance within a reasonable period of time.

This foregoing provision does not in any way restrain the Commission's authority to invoke provisions for judicial review of Defendant's compliance with any terms and conditions of this Consent Decree.

c. If after Orion's submission of any annual report pursuant to this section, the Commission requests in writing additional information regarding any particular complaint(s) identified in such annual report, then Orion shall, within 30 days after receipt of such request, provide the following information to the Commission with respect to each such complaint: contact information for all persons who are subjects of the investigation of such complaint (*e.g.* witnesses and alleged victims), including name, current home address, email address (if known), and phone number.

d. An objection or complaint regarding the wellness program does not have to specify that it falls under the ADA. The complainant need only provide sufficient information that it relates to the medical inquiry or examination part of the wellness program, or to the use of the information obtained from the medical inquiry or examination part of the wellness program, to put Defendant on notice that the objection or complaint raises ADA concerns.

11

e. Defendant shall send all reports, certificates, or other materials required under this Decree to the EEOC to the following address: United States Equal Employment Opportunity Commission- Minneapolis Area Office, ATTN: Legal Unit, 330 S. Second Avenue, Suite 720, Minneapolis, MN 55401. The reports may be sent as email attachments to the recipients' designated email addresses which is laurie.vasichek@eeoc.gov.

f. The Commission is entitled, within 30 days of a written request, to receive copies of underlying documentation pertaining to the complaint(s), and their disposition, identified in the Commission's request under paragraph VIII(b), as may be necessary to determine compliance with this Consent Decree.

IX. INDIVIDUAL REMEDY

a. SETTLEMENT PAYMENT

i. Within thirty days of the entry of this Consent Decree by the Court, Defendant shall pay to Wendy Schobert the sum of $100,000. ("Settlement Payment"), contingent on Schobert, who is separately represented, having executed a separate release agreement as negotiated between counsel for Schobert and Orion. Of this amount, $25,000 is characterized as payment for her private attorney's fees.

Of the remainder of the settlement payment, $60,000 is characterized as compensatory damages, including compensation for pecuniary losses, and $15,000 is characterized as back pay for the period of June 2009 through the present. The amount characterized as back pay shall have appropriate taxes and withholdings taken from it, except that the employers' share of taxes and withholding shall not be deducted from the amount payable to Schobert.

    ii. Upon delivering the Settlement Payment in three separate checks as set forth above, Defendant shall, on the same date, deliver to counsel for the EEOC, at the address below, a copy of the checks remitted to Wendy Schobert and her attorney, and tracking information for delivery.

b. OTHER INDIVIDUAL RELIEF

    i. Defendant represents that there are no documents in the Schobert's personnel files that (a) refer to the allegations of discrimination filed against Defendant that formed the basis of this action; or (b) refer to this action. Within 60 days from the entry of this Consent Decree, Defendant will

13

re-examine the personnel file and expunge any such documents therein.

  ii. If Schobert requests within thirty (30) days of the entry of this Decree, Orion will provide her within ten (10) days thereafter with a neutral letter of reference, on Orion's letterhead, setting forth the following: Schobert's dates of employment, last job title, her job duties, and work location.

  iii. In response to any inquiry received by Defendant concerning Schobert from a potential employer, headhunter, or other person inquiring about Schobert's employment history, if directed to the Human Resources Department or a management employee, Defendant shall ensure that it provides a neutral reference concerning Ms. Schobert, indicating the following: Schobert's dates of employment, last held job title, her job duties, and work locations.

X. SUCCESSORS

Orion shall provide notice of the Decree to future successors and assigns. The terms of this Consent Decree shall be binding upon the future successors and assigns of Orion

14

XI. COSTS AND ATTORNEYS FEES

Each party will bear that party's own costs and attorney's fees.

XII. COURT APPROVAL

Both parties request that this Court approve this Consent Decree, without costs to either party, and with the Court reserving jurisdiction only as necessary to enforce this Consent Decree.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, Green Bay, Wisconsin, on this 4th day of April, 2017.

s/ William C. Griesbach
Chief Judge William Griesbach
United States District Court

**APPROVED AS TO FORM AND CONTENT:**

Dated:     April 3, 2017          BY  s/  Laurie A. Vasichek
                                                    Laurie A. Vasichek (Minn. No. 171438)
                                                    EEOC - Minneapolis Area Office
                                                    330 South Second Avenue, Suite 720
                                                    Minneapolis, MN  55401
                                                    Telephone:  (612) 335-4061
                                                    Facsimile:  (612) 335-4044
                                                    laurie.vasichek@eeoc.gov

                                                    Camille A. Monahan (Bar No. 1056755)
                                                    EEOC -Milwaukee Area Office
                                                    310 W. Wisconsin Avenue # 500
                                                    Milwaukee, WI  53203-2292
                                                    Telephone:   (414) 297-3548
                                                    Facsimile:   (414) 297-3146
                                                    camille.monahan@eeoc.gov


                                                    FOR THE EEOC


Dated:     April 3, 2017          BY  s/ Brian M. Radloff
                                                    **Its Attorney**
                                                    **FOR ORION ENERGY SYSTEMS,  INC.**